Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50286 | **DATE** | 8/3/2012 |
| **CASE TITLE** | Rubloff Algonquin Portfolio, L.L.C. vs. Kohl's Illinois, Inc., et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court grants defendants' motion for summary judgment and dismisses this cause in its entirety.

*Philip G. Reinhard*

■[ For further details see text below.]

Electronic Notices.

## STATEMENT - OPINION

Plaintiff, Rubloff Algonquin Portfolio, LLC, filed a single-count complaint for declaratory judgment against defendants, Kohl's Illinois, Inc., and Kohl's Department Stores, Inc., based on a dispute as to the proper method for determining the amount of real estate taxes to be paid by defendants pursuant to a written lease between the parties. Defendants removed the state-court action to this court based on diversity jurisdiction.[1] Defendants have moved for summary judgment, and plaintiff has responded.

Defendants contend that under section 8.1 of the lease, which provides for three alternative methods for determining a tenant's real estate tax obligation, the second alternative is the proper method. Plaintiff responds that the proper method is alternative three as opposed to two and, at the very least, there is a question of material fact as to whether the second method applies in this case.[2]

Summary judgment is appropriate when no issue of material fact exists to be tried and the moving party is entitled to judgment as a matter of law. Egan Marine Corp. v. Great American Ins. Co. of New York, 665 F. 3d 800, 801 (7th Cir. 2011). As it examines the record, the court considers all facts and draws all inferences in the light most favorable to the non-moving party. Egan Marine Corp., 665 F. 3d at 811. The proper interpretation of a contract is ordinarily a matter of law, and where there is no contractual ambiguity, there is no reason to resort to extrinsic evidence, hence no factual dispute to preclude summary judgment. International Union v. ZF Boge Elastmetall, LLC., 649 F. 3d 641, 646 (7th Cir. 2011).

Under Illinois law,[3] the court's primary goal in construing the contract is to give effect to the parties' intent as expressed in the terms of the written agreement. Lewitton v. ITA Software, Inc., 585 F. 3d 377, 379 (7th Cir. 2009). The court first asks if the contract language is ambiguous, which is a question of law. Lewitton, 585 F. 3d at 379. A contract is ambiguous if its terms are indefinite or have a double meaning. Lewitton, 585 F. 3d at 379. If it is not ambiguous, the contract must be enforced as written. Lewitton, 585 F. 3d at 380. Only if it is susceptible to more than one interpretation does the court look to extrinsic evidence to

determine the parties' intent. Lewitton, 585 F. 3d at 380. Of course, the pertinent language must be viewed in context, and the contract must be construed as a whole and not in piecemeal fashion in determining the parties' intent. Integrated Genomics, Inc. v. Gerngross, 636 F. 3d 853, 861 (7th Cir. 2011).

Here, section 8.1 of the lease provides, in pertinent part,[4] "If the Premises are not separately assessed [alternative one], [defendants'] Allocable Share of real estate taxes assessed against the Shopping Center shall be determined from notes and records maintained by the tax assessor... If no notes or records are maintained by the tax assessor as to the Premises or if such notes or records are inconclusive as to the value of the land and improvements within the Premises" then alternative three applies. The present dispute focuses on whether a financial spreadsheet created by the tax assessor constitutes "notes and records" within the meaning of section 8.1 and, if so, whether the spreadsheet is "inconclusive" as a basis for determining the real estate tax obligation of defendants under the lease.

The first issue is whether the relevant provisions of section 8.1 are ambiguous. They are not. The term "notes and records" is clear as a bell. It is not subject to more than one reasonable interpretation. While there is a question as to whether the financial spreadsheet falls within the meaning of "notes and records," that does not render the term ambiguous.

Similarly, the term "inconclusive" is not ambiguous. It can be given its common meaning of "leading to no conclusion or definite result." See Merriam-Webster. com/dictionary. There is no other reasonable meaning in the context of section 8.1

Having ruled out any ambiguity as to the pertinent terms of section 8.1, the court must determine whether the financial spreadsheet satisfies those terms of section 8.1 that would trigger application of alternative two.

The undisputed evidence, based on the deposition of the deputy tax assessor, Margaret Lane, establishes that Lane created the spreadsheet and that it is based on the recognized income method for calculating the assessed value of real property for purposes of real estate taxation. Further, Lane testified that she kept the spreadsheet and considered it part of the notes and records maintained by her office related to tax assessments.[5] Additionally, the ultimate purpose of the spreadsheet was for determining the value of the property and the taxes owed. Plaintiff attempts to circumvent this purpose by pointing to Lane's testimony that the spreadsheet was used to determine whether the demand by plaintiff as to the proper valuation was in fact a reasonable one. While she did use it for that purpose, that does not detract from the fact that the underlying purpose of the spreadsheet was to calculate the assessed value of the property, a necessary preliminary step to any determination as to the reasonableness of plaintiff's position as to the assessed value. Accordingly, the court finds as a matter of law that the financial spreadsheet constitutes a note and record maintained by the tax assessor.

Plaintiff also contends there is a question of material fact as to whether the spreadsheet constitutes notes and records because Lane's opinion is not authoritative as to whether the spreadsheet meets the definition in section 8.1. While Lane cannot render any opinion as to the meaning of the terms of the lease, she did not do so. Rather, she merely testified to a matter of fact that the spreadsheet was part of the notes and records of the tax assessor's office. Plaintiff has pointed to no evidence to dispute that factual testimony.

Plaintiff further contends that there is question of material fact because the tax assessor has no understanding of the term "notes and records" as it is used in section 8.1 of the lease. Again, Lane offered no opinion as to the meaning of any terms in the lease, and plaintiff has provided no evidence to refute her factual testimony.

That leaves the second question of whether the spreadsheet, as a note and record, was inconclusive as to the assessed value and taxes owed. There is no doubt here that it was not. Lane testified in detail as to the

| STATEMENT - OPINION |
|---|
| methodology she used and how she gathered the data and information and reached the conclusions reflected in the spreadsheet. Plaintiff has pointed to no evidence that shows any of the information or conclusions are in any way inaccurate, incorrect, or otherwise defective.<br><br>    Plaintiff does rely on the fact that the ultimate value as determined by the Board of Review differs from that reflected in the spreadsheet by nearly $ 7,000. That disparity does not demonstrate, however, any error in the spreadsheet itself or that the spreadsheet is otherwise faulty. As testified to by Lane, and undisputed by plaintiff, the reason for the difference is because the assessor's office agreed to adjust the final figure in an effort to reach an agreement with plaintiff as to the tax valuation. There is no evidentiary basis not to conclude that had it not been for that voluntary adjustment the original figure in the spreadsheet would have controlled as to valuation. Therefore, there is no evidence to support a reasonable finding by a trier of fact that the spreadsheet was an inconclusive basis for determining the taxes owed.<br><br>    Because defendants have established as a matter of law that alternative two of section 8.1 applies, they are entitled to summary judgment on plaintiff's claim that alternative three is the proper method for determining the real estate taxes owed by defendants. The court therefore enters summary judgment in favor of defendants and dismisses this cause in its entirety. |

1. There is complete diversity, and the amount in controversy exceeds $ 75,000.

2. Although plaintiff is seeking a declaratory judgment that the method they have been using, that set forth under alternative three, is the proper method, it has not filed a motion for summary judgment in that regard.

3. Illinois law applies in this diversity case because it was filed in a court in this state and neither party has argued choice of law. Ryerson, Inc. v. Federal Ins. Co., 676 F. 3d 610, 611 (7th Cir. 2012). Moreover, section 27.14 of the lease provides that the "law of the State in which the Premises are located shall govern the validity, performance and enforcement of this Lease."

4. The parties do not dispute that alternative one does not apply. Likewise, the parties agree that if alternative two does not apply then alternative three controls. Thus, for purposes of the summary judgment motion the court need only set forth the terms of alternative two.

5. Plaintiff makes much of the fact that Lane is not qualified to interpret the terms of the lease. However, Lane did not interpret the terms of the lease. Rather, she merely stated that she considered the spreadsheet part of her notes and records.